OPINION
{¶ 1} Defendant-appellant, Lawrence Thompson (hereinafter "Thompson"), appeals the sentence imposed by the Allen County Common Pleas Court. Thompson also appeals the trial court's denial of his motion to suppress statements.
 {¶ 2} On September 16, 2004, Thompson was indicted for five counts of trafficking in cocaine, violations of R.C.2925.03(A)(C)(4)(d) and felonies in the third degree; and two counts of permitting drug abuse, violations of R.C.2925.13(A)(C)(3) and felonies of the fifth degree. The charges stemmed from a confidential informant making five controlled buys of cocaine from Thompson.
 {¶ 3} On August 6, 2005, Thompson was arrested and brought to the Allen County Sheriff's Department. Thompson requested a meeting with Sergeant Clyde Breitigan (hereinafter "Breitigan"). Breitigan met with Thompson and read him a copy of his Miranda rights. Thompson signed a form acknowledging and waiving his rights, and police subsequently questioned him.
 {¶ 4} On January 12, 2004, Thompson filed a motion to suppress the statements made during the interview. At the suppression hearing, the prosecution presented the testimony of Breitigan. Thompson did not testify at the suppression hearing. Thereafter, the trial court denied Thompson's motion to suppress.
 {¶ 5} On March 8, 2005, Thompson pled no contest to all seven counts in the indictment. The trial court held a sentencing hearing on April 25, 2005, and sentenced Thompson to four years imprisonment for each of the five counts of drug trafficking, and nine months imprisonment for each count of permitting drug abuse. The trial court further ordered the sentences for the five counts of drug trafficking be served consecutively to each other, and that the sentences for the two counts of permitting drug abuse be served concurrently.
 {¶ 6} It is from the denial of the motion to suppress and the imposition of sentence that Thompson appeals, setting forth three assignments of error for our review. We have combined Thompson's first and second assignments of error.
 ASSIGNMENT OF ERROR NO. I The Trial Court erred in sentencing the Defendant by imposingconsecutive sentences, in violation of R.C. § 2929.14(E)(4).
 ASSIGNMENT OF ERROR NO. II Sentencing in this case violated the Apprendi doctrine asexplained in Blakely v. Washington and was thereforeunconstitutional.
 {¶ 7} In his first assignment of error, Thompson argues that the trial court failed to make the proper findings in support of consecutive sentences under R.C. 2929.14. Thompson also argues that the trial court's findings were unsupported by the record. In his second assignment of error, Thompson argues that the trial court could only impose concurrent sentences because the findings required for consecutive sentences were not found by the jury. The appellant relies on the Supreme Court's decisions in Blakelyv. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, and Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435, as support for this argument. Thompson also maintains that since there is no right to trial by jury on seriousness and recidivism factors, Blakely and Apprendi are violated if the trial court imposes a sentence greater than the minimum.
 {¶ 8} While this case was pending, the Ohio Supreme Court held portions of Ohio's felony sentencing framework unconstitutional. State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856. Specifically, the Ohio Supreme Court held R.C.2929.14(B) and 2929.14(E)(4) unconstitutional. Id. at paragraphs one and three of the syllabus. Since Thompson was sentenced to more than the minimum and consecutive sentences under statutes found unconstitutional by the Ohio Supreme Court, we must vacate the sentence and remand this case to the trial court for further proceedings consistent with Foster.
 ASSIGNMENT OF ERROR NO. III The Trial Court should have sustained the defense motion tosuppress statements.
 {¶ 9} Thompson argues, in his third assignment of error that although he was properly given the Miranda warnings, statements he made to the law enforcement should have been suppressed because he signed a cooperating witness form.[1] Thompson maintains that the statements sought to be suppressed were made after law enforcement told him that he would be "required to offer substantial assistance" to mitigate the situation. Thompson makes a public policy argument that by encouraging people to divulge information, and then using the resulting statements to prosecute the individuals who give them, will "dry up information sources." Thompson also asks this court to interpret the due process clause, along with R.C. 3719.70, to create a judicially recognized use immunity in Ohio.
 {¶ 10} The review of a motion to suppress involves mixed questions of law and fact. State v. Burnside (2003),100 Ohio St.3d 152, 154, 797 N.E.2d 71. When reviewing a motion to suppress, "an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." Id., citation omitted. However, appellate courts review questions of law de novo. State v. McNamara (1997),124 Ohio App. 3d 706, 710, 707 N.E.2d 539, citation omitted.
 {¶ 11} In determining whether a defendant's confession was voluntary, a court "should consider the totality of the circumstances, including the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement." Statev. Brown, 100 Ohio St.3d 51, 2003-Ohio-5059, 796 N.E.2d 506, at ¶ 13, quoting State v. Edwards (1976), 49 Ohio St.2d 31,358 N.E.2d 1051, paragraph two of the syllabus, vacated as to death penalty (1978), 438 U.S. 911, 98 S.Ct. 3147, 57 L.E.2d 1155. "A promise of leniency, while relevant to the totality-of-the-circumstances analysis, does not require that the confession be automatically suppressed." State v. Bays,87 Ohio St.3d 15, 23, 1999-Ohio-216, 716 N.E.2d 1126, citing Edwards,49 Ohio St. 2d at 40-41.
 {¶ 12} In the case sub judice, the trial court found that after the interrogation had concluded the defendant asked what "he could do for the officers" and that Breitigan told him that he would be "required to offer substantial assistance." Therefore, the trial court found that any discussion of mitigation occurred after the interrogation. Further, the trial court found that no promises were made in exchange for substantial assistance. According to the trial court, "[t]he most Breitigan said was that he would have to get approval for any arrangement from his supervisor and the prosecutor."
 {¶ 13} At the suppression hearing, Breitigan testified that he conducted Thompson's interview. According to Breitigan, Thompson asked what he would need to do, and Breitigan said that he would be "required to offer substantial assistance." Breitigan also stated he told Thompson that Breitigan would have to talk with his supervisors and a prosecutor before any deals could be made. Breitigan further testified that the cooperating witness form was signed after the interview was completed, and that the form contained rules of conduct for individuals while acting as a cooperating witness.
 {¶ 14} Since competent, credible evidence supports the trial court's factual finding that Detective Breitigan did not make any promises to Thompson, that he told Thompson that he would have to get approval for any deals, and that the cooperating witness form was signed after the interrogation, we must accept those findings as true. See Burnside, 100 Ohio St.3d at 154, 797 N.E.2d 71.
 {¶ 15} In considering the factors of age and prior criminal experience, we note that Thompson was forty seven years old and had a prior criminal record. Detective Breitigan did not make any promises of leniency or any deals with Thompson. In fact, Breitigan told Thompson that any arrangement would need to be approved by his supervisor and the prosecuting attorney. The fact that Thompson signed the cooperating witness form does not render the statements involuntary because Thompson signed the cooperating witness form at the end of the interrogation, and the form merely contained rules of conduct for individuals while acting as cooperating witnesses. Thompson and the prosecuting attorney never reached an official agreement about Thompson working as a confidential informant, and Thompson never acted as a confidential informant. Consequently, we find that Thompson's statements were voluntary under the totality of the circumstances.
 {¶ 16} Moreover, we find no public policy reasons to suppress the statements made by Thompson. Thompson urges this court to judicially create a use immunity based on R.C. 3719.70 and the due process clause. Moreover, Thompson argues that since R.C.3719.70 creates inducements to cooperate and penalties for not cooperating, due process would seem to bar the use of "evidence volunteered in pursuit of the goal of being a cooperating witness."
 {¶ 17} R.C. 3719.70 provides:
(A) When testimony, information, or other evidence in thepossession of a person who uses, possesses, or trafficks in anydrug of abuse appears necessary to successfully institute,maintain, or conclude a prosecution for any drug abuse offense* * * a judge of the court of common pleas maygrant to that person immunity from prosecution for anyoffense based upon the testimony, information, or otherevidence furnished by that person, other than a prosecution ofthat person for giving false testimony, information, or otherevidence.
 (B)(1) When a person is convicted of any misdemeanor drugabuse offense, the court, in determining whether to place theperson under a community control sanction pursuant to section2929.25 of the Revised Code, shall take into considerationwhether the person truthfully has revealed all information withinthe person's knowledge concerning illicit traffic in or use ofdrugs of abuse and, when required, has testified as to thatinformation in any proceeding to obtain a search or arrestwarrant against another or to prosecute another for any offenseinvolving a drug of abuse.
* * *
(B)(2) If a person otherwise is eligible for intervention inlieu of conviction and being ordered to a period ofrehabilitation under section 2951.041 of the Revised Code but theperson has failed to cooperate with law enforcement authoritiesby providing them with the types of information described indivision (B)(1) of this section, the person's lack of cooperationmay be considered by the court under section 2951.041 of theRevised Code in determining whether to stay all criminalproceedings and order the person to a requested period ofintervention. * * * (Emphasis added.)
 {¶ 18} Under R.C. 3719.70, a common pleas judge is permitted, but not required, to grant immunity to an individual who furnishes evidence. However, the appellant has cited no authority, nor have we been able to find any, that due process compels the grant of such immunity. If the legislature, in its deliberations, determined that public policy required, rather than permitted, a grant of immunity in situations like the one presented herein, then it would have created it in the statute. It is not for this court to rush in where the legislature chose not to trod.
 {¶ 19} We conclude that neither R.C. 3719.70 nor the due process clause, under the facts of this case, restrain the prosecution from charging Thompson as it did. Thompson's third assignment of error is without merit and is, thus, overruled.
 {¶ 20} The judgment of the Allen County Common Pleas Court denying Thompson's motion to suppress is affirmed; however, pursuant to Foster, we vacate Thompson's sentence and remand the matter for further proceedings consistent with Foster.
 Judgment Affirmed in Part, Sentence Vacated and CauseRemanded.
 Bryant, P.J., and Shaw, J., concur.
[1] The actual cooperating witness form does not appear in the record. However, Detective Breitigan testified that the cooperating witness form contains a list of rules of conduct for individuals while those individuals are acting as cooperating witnesses.