DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Athens County Common Pleas Court judgment of conviction and sentence. Curtis Storms, defendant below and appellant herein, pled guilty to: (1) aggravated burglary in violation of R.C. 2911.11(A)(2); (2) aggravated robbery in violation of R.C. 2911.01(A)(1); (3) kidnaping in violation of R.C. 2905.01(A)(3); (4) felonious assault in violation of R.C. 2903.11(A)(1); and (5) tampering with evidence in violation of R.C. 2921.12(A)(1).
 {¶ 2} Appellant assigns the following errors for review and determination:
FIRST ASSIGNMENT OF ERROR:
"THE DEFENDANT'S CONFESSION WAS RENDERED INVOLUNTARY BY DIRECT AND IMPLIED PROMISES OF LENIENCY IN RETURN FOR COOPERATION, AND OTHER CIRCUMSTANCES INDICATING COERCION."
SECOND ASSIGNMENT OF ERROR:
"THE TRIAL COURT COMMITTED PLAIN ERROR IN DENYING STORMS' SUPPRESSION MOTION."
THIRD ASSIGNMENT OF ERROR:
"TRIAL COUNSEL WAS INEFFECTIVE IN NOT HAVING HIS CLIENT ENTER A NO CONTEST PLEA, INSTEAD OF A GUILTY PLEA."
FOURTH ASSIGNMENT OF ERROR:
"THE SENTENCE IMPOSED BY THE TRIAL COURT VIOLATES THESIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, PURSUANT TO THE OHIO SUPREME COURT'S HOLDINGS [sic] IN STATE V. FOSTER, et al. (2006) ___ OHIO ST.3d ___, 2006 OHIO 856."
 {¶ 3} Eighty-four year old Martha Frum lived alone at her Rock Riffle Road home. In the early morning hours of April 3, 2005, she awoke to find three intruders in her bedroom. One intruder jumped on top of her, duct taped her mouth closed, flipped her on her stomach and then duct taped her arms behind her back. Frum struggled to get away, but the man asked "did [she] want to die[?]" Frum remained still as the intruders ransacked her purse, wardrobe, chest of drawers and made off with several billfolds. After they left, Frum managed to make her wa to a neighbor's home and then to the highway to seek help.
 {¶ 4} Later that day, Athens County Sheriff's Department Detective Alan Flickinger received information about a suspicious car abandoned in a church parking lot. After he observed that the vehicle contained two nylon stockings and duct tape, he impounded the vehicle. Several days later, appellant called the Sheriff's Department to ask why his car had been "towed." Detective Flickinger invited appellant to come in to discuss the matter. Appellant did so, and eventually confessed his involvement in the Frum robbery.
 {¶ 5} Subsequently, the Athens County Grand Jury returned an indictment charging appellant with four counts of aggravated burglary, two counts of aggravated robbery, and one count each of kidnaping, felonious assault, and tampering with evidence.[2] Appellant pled not guilty to all offenses.
 {¶ 6} Appellant filed a motion to suppress his confession and argued that he had not properly waived his rights and that his confession was coerced. At the motion hearing the trial court heard testimony from both Detective Flickinger and appellant. At the hearing's conclusion, the court denied the motion.[3]
 {¶ 7} Appellant then entered into a plea agreement to plead guilty to five counts in exchange for a dismissal of four counts. The trial court accepted the pleas, found appellant guilty and ordered a pre-sentence investigation. At the sentencing hearing the court heard from the victim and from appellant. After balancing the requisite statutory factors, the court sentenced appellant to: (1) separate ten year prison terms for aggravated burglary, aggravated robbery, kidnaping and felonious assault; and (2) five years in prison for tampering with evidence. The court further ordered that the aggravated burglary, aggravated robbery and tampering with evidence sentences be served consecutively, and the kidnaping and felonious assault sentences be served concurrently, though consecutive to the other sentences. Thus, the court gave appellant an aggregate sentence of thirty-five (35) years imprisonment. This appeal followed.
 I {¶ 8} We jointly consider appellant's first, second and third assignments of error. Appellant argues that his confession was involuntary, that the trial court's denial of his suppression motion amounts to plain error, and that trial counsel was constitutionally ineffective for permitting appellant to enter a guilty plea rather than a no contest plea.
 {¶ 9} Initially, we note that a guilty plea is generally a complete admission of guilt and renders irrelevant any alleged constitutional violation not inconsistent with guilt. See Crim.R. 11(B)(1). State v. Fitzpatrick, 102 Ohio St.3d 321,810 N.E.2d 927, 2004-Ohio-3167, at ¶ 78. Thus, a defendant who voluntarily, knowingly and intelligently enters a guilty plea may not thereafter raise claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. Id. In other words, a voluntary guilty plea waives the right to raise nonjurisdictional defects in the proceedings. See State v. Calloway, Hamilton App. No. C-040066,2004-Ohio-5613, at ¶ 21; State v. Mayes, Gallia App. No. 03CA9,2004-Ohio-2027, at ¶ 13; State v. Minniefield (Jul. 13, 2001), Erie App. No. E-00-040.
 {¶ 10} In the case at bar, appellant does not claim that his guilty plea was involuntary, unknowing or unintelligently given. Further, nothing in his assignments of error challenge any jurisdictional defect. Consequently, appellant may not argue that his confession was coerced, see State v. Tarleton (Dec. 24, 1975), Wayne App. No. 1399, that the court erred in overruling his motion to suppress, see State v. Jacobson, Adams App. No. 01CA730, 2003-Ohio-1201, at ¶ 10, or that he received constitutionally ineffective assistance from trial counsel. Id. at ¶ 11; State v. Persons, Meigs App. No. 02CA6, 2003-Ohio-4213, at ¶ 11.
 {¶ 11} Appellant does concede that a guilty plea ordinarily waives any error in a ruling on a motion to suppress. He posits, however, that he may challenge the ruling under the Crim.R. 52 plain error standard. We are not persuaded. Further, assuming arguendo that notice of plain error could be taken under these circumstances,[4] we believe that the case's outcome would not have been otherwise if we did in fact, review the trial court's ruling.[5]
 {¶ 12} Appellant testified that he confessed after Detective Flickinger promised that "he would make sure the Prosecutor would go easy on [him]." He argues on appeal that he confessed "in reliance" on that promise. The trial court, however, explicitly found that parts of appellant's testimony are "not . . . credible." Although the court did not specify what part of appellant's testimony lacked credibility, the court may well have discounted Detective Flickinger's alleged promise of leniency.[6]
 {¶ 13} Moreover, even if the trial court had not discounted appellant's testimony, we are not persuaded that this required his confession's suppression. Courts apply a "totality of the circumstances" approach to determine whether a confession is voluntary or involuntary. See State v. Broom (1988),40 Ohio St.3d 277, 286, 533 N.E.2d 682; State v. DePew (1988),38 Ohio St.3d 275, 277, 528 N.E.2d 542; State v. Maurer (1984),15 Ohio St.3d 239, 257, 473 N.E.2d 768. A promise of leniency, though relevant to the totality of the circumstances, does not automatically require that a confession be suppressed. See Statev. Bays (1999), 87 Ohio St.3d 15, 23, 716 N.E.2d 1126; also seeState v. Thompson, Allen App. No. 1-05-34, 2006-Ohio-2004, at ¶11. Courts consider such promises together with all other factors that surround an interrogation.
 {¶ 14} After our review of the suppression hearing transcript, it is not at all clear that the totality of the circumstances require suppression. Detective Flickenger testified that he informed appellant of his Miranda rights and that appellant appeared to understand them. Apparently, the interview audiotape indicates that appellant confirmed that "no threats or promises [were] made to [him] for [his] cooperation." Detective Flickinger did admit that he advised appellant to cooperate and that his cooperation could be a factor in his prison sentence. However, admonitions to cooperate do not generally constitute impermissible threat or inducement. State v. Lowery (Jul. 26, 1993), Washington App. No. 92CA24. Other jurisdictions have also spoken to this issue. See, e.g., State v. Rezk (2000),150 N.H. 483, 840 A.2d 758 (to be found objectionable "the nature of the police promises * * * had the likelihood of stripping [the] defendant of his capacity for self-determination"); State v.McCarthy, (N.C. 2003), 819 A.2d 335 (police suggestion that cooperation often results in favorable treatment did not make confession involuntary); State v. Bone (2001), 354 N.C. 1,550 S.E.2d 482 (officer told defendant that he might receive a lesser sentence if he confessed); United States v. Santos Garcia (CA 8, 2002), 313 F.3d 1073 (officer's statement to defendant that his children would be driving by the time he would be released from prison was not unduly coercive because it was an accurate representation of the defendant's predicament); United States v.LeBrun (CA 8, 2004), 363 F.3d 715 (even if the officer's statements could be reasonably interpreted as a promise of no prosecution, the defendant's confession was deemed voluntary as the police had not "overbore LeBrun's will and capacity for self-determination);" State v. Ray (2000), 272 Ga. 450, 531
S.C.2d 705 (mere mention of the availability of the death penalty to impress the defendant with the crime's seriousness and not in connection with an explicit threat or promise is not objectionable); State v. Pinder (1999), 250 Conn. 385,736 A.2d 857 (confession deemed voluntary notwithstanding police statement that defendant would be better off if he told the truth); Brunov. State (Fl. 1991), 574 So.2d 76 (statements suggesting leniency are objectionable if they establish an express quid pro quo bargain for the confession); Ball v. State (1997),347 Md. 156, 699 A.2d 1170 (a police assertion that it would be "better" for the defendant to tell his story was not a promise of some benefit in exchange for a confession).
 {¶ 15} Detective Flickenger also informed appellant that a crime that involves the elderly would be treated as "pretty hard core." Here, the officer's comment represents a statement rather than a threat. Detective Flickinger testified that he did not tell appellant about a specific penalty these crimes carried, and, in fact, he did not "know about the penalties." Even if he had done so, informing a suspect of the penalties he may face does not render an otherwise voluntary confession inadmissible. See Bays, supra at 23. The detective merely stated the obvious — that breaking into an elderly woman's home and kidnaping, assaulting and robbing her is, in fact, a serious matter.
 {¶ 16} Therefore, we are not persuaded that appellant's challenge of the court's suppression ruling constitutes a plain, obvious or clear defect in the proceedings that affected appellant's substantial rights. Thus, we decline appellant's invitation to recognize plain error under Crim.R. 52(B). Moreover, as we point out supra, appellant's guilty plea waived the right to raise these issues.
 {¶ 17} Accordingly, based upon the foregoing reasons we hereby overrule appellant's first, second and third assignments of error.
 II {¶ 18} In his fourth assignment of error appellant asserts that his sentences must be vacated and the case remanded for resentencing in light of State v. Foster, 109 Ohio St.3d 1,845 N.E.2d 470, 2006-Ohio-856. The prosecution agrees and so do we. Consequently, appellant's fourth assignment of error is hereby well taken and we remand the matter for resentencing in light ofFoster.
 {¶ 19} Having sustained appellant's fourth assignment of error, we hereby affirm in part and reverse in part the trial court's judgment and remand this matter for resentencing.
Judgment Affirmed in part, Reversed in Part and Case Remanded for Further Proceedings Consistent with This Opinion.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part and the case be remanded for further proceedings. Appellant to recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. McFarland, J.: Concur in Judgment Opinion.
[2] Some counts relate to break-ins at other homes.
[3] The trial court apparently did not journalize its decision. Although a trial court typically speaks through its journal rather than by oral pronouncement, see Gaskins v. Shiplevy
(1996), 76 Ohio St.3d 380, 382, 667 N.E.2d 1194; State v. King
(1994), 70 Ohio St.3d 158, 162, 637 N.E.2d 903; Schenley v.Kauth (1953), 160 Ohio st. 109, 113 N.E.2d 625, at paragraph two of the syllabus, when no journal entry expressly disposes of a motion, we generally treat the motion as having been overruled. See Takacs v. Baldwin (1995), 106 Ohio App.3d 196, 209,665 N.E.2d 736; Kline v. Morgan (Jan. 3, 2001), Scioto App. Nos. 00CA2702 00CA2712.
[4] If a guilty plea prohibits a challenge of a regular nonjurisdictional error, it should likewise preclude a challenge of nonjurisdictional "plain error." The only case appellant cites for the proposition that "plain error" could lie here is Statev. Knott, Athens App. No. 03CA30, 2004-Ohio-5745. That case does not, however, involve a guilty plea.
[5] Under Civ.R. 52, plain errors or defects affecting substantial rights may be noticed although they were not brought to the trial court's attention. To constitute plain error, a reviewing court must find (1) an error in the proceedings; (2) the error must be a plain, obvious or clear defect in the trial proceedings; and (3) the error must have affected "substantial rights" (i.e. the trial court's error must have affected the trial's outcome). See State v. Hill 92 Ohio St.3d 191,2001-Ohio-141, 749 N.E.2d 274; State v. Barnes,94 Ohio St.3d 21, 2002-Ohio-68, 759 N.E.2d 1240. Furthermore, notice of plain error must be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. Id.; State v. Landrum (1990), 53 Ohio St.3d 107,559 N.E.2d 710; State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804. A reviewing court should notice plain error only if the error seriously affects the fairness, integrity or public reputation of prejudicial proceedings. Barnes, citing UnitedStates v. Atkinson (1936), 297 U.S. 157, 56 S.Ct. 391,80 L.Ed. 555. However, a defendant's actual innocence is not a prerequisite to a plain error determination. United States v.Olano (1993), 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed. 508.
[6] On a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve factual disputes and to evaluate witness credibility. State v. Brooks
(1996), 75 Ohio St.3d 148, 154, 661 N.E.2d 1030; State v. Mills
(1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972; State v. Clay
(1972), 34 Ohio St.2d 250, 298 N.E.2d 137.