OPINION
{¶ 1} The defendant-appellant, John Reed, Jr. ("Reed"), appeals the judgment of the Defiance County Common Pleas Court sentencing him to 28 months in prison after he violated the conditions of community control sanctions.
 {¶ 2} On September 6, 2002, the Defiance County Grand Jury indicted Reed on two counts of trafficking in cocaine, violations of R.C. 2925.03(A), felonies of the fourth and fifth degree, respectively. On December 13, 2002, the trial court held a change of plea hearing, and Reed pled guilty to both counts of the indictment. On January 31, 2003, the trial court sentenced Reed to four years on community control. However, the trial court reserved a prison term of 17 months for count one consecutive to a prison term of 11 months for count two, an aggregate term of 28 months. The court filed its sentencing judgment entry on February 13, 2003.
 {¶ 3} On November 5, 2004, the State of Ohio ("State") filed a motion to revoke Reed's community control because he had violated several conditions. Prior to the revocation hearing, Reed filed a motion for leave to file a delayed appeal, which we overruled. Reed waived his rights to a probable cause hearing and an adjudicatory hearing, and on May 11, 2005, he appeared in court for disposition. At the hearing, the trial court revoked Reed's community control and imposed "the balance of the original reserved term of twenty-eight (28) months of imprisonment with the Ohio Department of Rehabilitation and Correction[.]" J. Entry, May 19, 2005, at 2. The trial court ordered Reed to serve his sentence consecutive to an eight month sentence imposed inState v. Reed, Defiance County Common Pleas Court case number 05 CR 09177.[1] Reed was given jail time credit of 87 days.
 {¶ 4} Reed appealed the trial court's judgment, asserting three assignments of error. Relevant to the instant matter, we determined that the trial court had failed to make the findings required under R.C. 2929.14(E)(4) when it imposed the 11-month sentence consecutive to the 17-month sentence. State v. Reed,
3rd Dist. No. 4-05-22, 2005-Ohio-5614, at ¶ 12-13. Therefore, we remanded the case for re-sentencing. Id. Additionally, we relied on State v. Trubee, 3rd Dist. No. 9-03-65,2005-Ohio-552, in overruling Reed's assignment of error concerning the constitutionality of R.C. 2929.14(E)(4). Id. at ¶ 14-15.
 {¶ 5} While this matter was pending on remand, the Ohio Supreme Court decided State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. Following the mandate of Foster,
the trial court held a new hearing and imposed a 17-month prison sentence for the fourth degree felony consecutive to an 11-month sentence for the fifth degree felony, for an aggregate prison term of 28 months. The trial court ordered the sentence served consecutively to the eight-month prison term imposed in case number 05 CR 09177. Reed appeals the trial court's judgment and asserts the following assignment of error:
The sentence imposed on remand was imposed pursuant to ajudicially-created version of Ohio sentencing laws that, appliedretroactively to Mr. Reed, violated his right to freedom from expost facto laws.
 {¶ 6} Reed argues the new sentence violates his due process rights because the effect of Foster is to create an ex post facto law. Reed contends that Foster applies retroactively and increases the penalty for offenses committed prior to the court's decision. Under Bouie v. Columbia (1964), 378 U.S. 347,84 S.Ct. 1697, 12 L.Ed.2d 894, Reed contends the test of whether a judicial act creates an ex post facto law is "whether the late action of the judiciary was unforeseeable at the time of the commission of the offense." Reed argues that Foster did not create a new sentencing procedure, but merely erased a presumption that was beneficial to the defendant, which was an unanticipated remedy. Reed essentially seeks the benefit ofFoster's substantive holding, but he wishes to avoid the remedial holding.
 {¶ 7} Relying on our analysis and holding in State v.McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-___, we find no merit in Reed's argument. Reed was initially sentenced to community control sanctions for offenses he committed on February 11, 2002. On November 5, 2004, Reed violated the terms of community control, which led to incarceration. Reed's argument that the court's decision in Foster was unforeseeable when he committed the original offenses is meritless. See State v.Lawrence, 3rd Dist. No. 13-01-01, 2001-Ohio-2211 ("the sentence * * * received for these offenses was three years of community control. The imposition of the eight and one-half year sentence is actually for the violation of the community control conditions. R.C. 2929.15(B)."). Even if we considered the original offense date, Reed committed his original offenses after the United States Supreme Court decided Apprendi v. New Jersey
(2000), 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435. Likewise, he committed the community control violation, which is the offense for which he is incarcerated, after the court's decision in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403. More importantly, the General Assembly has not changed the available sentencing ranges during this time period. Finally, as we held in Reed's prior appeal, the "maximum sentence" the court could impose for a community control violation was the 28 months "reserved" during the original sentencing hearing. Reed, at ¶ 5-9. Therefore, Reed cannot argue unforeseeability or the absence of notice. The sole assignment of error is overruled.
 {¶ 8} The judgment of the Defiance County Common Pleas Court is affirmed.
Judgment affirmed.
 Shaw and Cupp, JJ., concur.
[1] Apparently, Reed was convicted of assaulting a peace officer, which is one of the reasons for the community control revocation in this matter.