OPINION
{¶ 1} Defendant-Appellant Vincent W. McKercher appeals the judgment of the Allen County Common Pleas Court sentencing him, on remand, to an aggregate prison term of five years.
 {¶ 2} On June 16, 2005, the Allen County Grand Jury indicted Appellant on three charges. After two amendments to the indictment,[2] Appellant was charged as follows: Count One, possession of marijuana, a violation of R.C. 2925.11(A), (C)(3)(f), a second degree felony; Count Two, trafficking in marijuana, a violation of R.C. 2925.03(A)(2), (C)(3)(e), a third degree felony; Count Three, trafficking in marijuana, a violation of R.C. 2925.03(A), (C)(3)(d), a third degree felony; Count Four, permitting drug abuse, a violation of 2925.13(A), (C)(3), a fifth degree felony; and Count Five, engaging in a pattern of corrupt activity, a violation of R.C. 2923.32(A)(1), (B)(1), a first degree felony.
 {¶ 3} On October 3, 2005, Appellant pled guilty to Count Two and Count Three of the indictment. In exchange, the State of Ohio dismissed the remaining charges. The trial court held a sentencing hearing on November 4, 2005 and imposed an aggregate prison term of six years; three years on each count to be served consecutively.
 {¶ 4} Appellant appealed the trial court's original sentence, arguing that it was unconstitutional in light of the Ohio Supreme Court's holding in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. Pursuant to Foster, this Court found the original sentence void and remanded the case to the trial court for further proceedings. State v.McKercher, 3rd Dist. No. 1-05-83, 2006-Ohio1772, at ¶ 5. At that time, Appellant also argued that Foster violated his due process rights by creating an ex post facto law. Id. at ¶ 6. This Court found the issue not properly before it because Appellant had yet to be sentenced. Id. On remand, the trial court held a new sentencing hearing and ordered Appellant to serve three years in prison on Count Two consecutive to two years in prison on Count Three for an aggregate sentence of five years.
 {¶ 5} Appellant appeals the new sentence and asserts one assignment of error for our review.
 Assignment of Error I The Trial Court erred in sentencing [Appellant] to consecutive, non-minimum prison sentences, for a net of five (5) years incarceration, for felonies of the third degree, because Ohio sentencing law, for a person with no prior prison term, has been unconstitutionally amended ex post facto by the Ohio Supreme Court.
 {¶ 6} Appellant essentially argues the new sentence violates his due process rights by acting retroactively and increasing the penalty for his offenses, which were committed prior to Foster. Appellant contends the Foster holding is unconstitutional as it judicially creates an ex post facto law. Bouie v. Columbia (1964), 378 U.S. 347, 84 S.Ct. 1697,12 L.Ed.2d 894, holds that the test of whether a judicial act creates an ex post facto law is "whether the late action of the judiciary was unforeseeable at the time of the commission of the offense." By erasing the presumption that he would be sentenced to the lowest prison term for each count, which would be served concurrently, Appellant contends the court has retroactively increased the penalty for his crimes. Appellant essentially desires the benefit of Foster's substantive holding but wishes to avoid its remedy.
 {¶ 7} In response, Appellee argues that Foster does not violate due process because the potential punishment for the crime has not changed. Additionally, Appellant has suffered no detriment as a result of the new sentencing.
 {¶ 8} This Court has previously held that Foster does not violate federal due process protections, and that Foster does not violate Ohio's constitutional protection against substantive retroactive laws.State v. McGhee, 3rd Dist. No. 1706-05, 2006-Ohio-5162, at ¶ 20, 25. For those reasons announced in McGhee, Appellant's assignment of error is not well taken. Appellant committed the offenses in Count Two and Count Three on January 23, 2005, which is after the date Booker was decided. As in McGhee, if Appellant wishes to be charged with an intimate knowledge of Ohio's sentencing statutes and those cases that are beneficial to him, he must also be charged with knowledge of cases he would not consider beneficial. Therefore, the remedy inFoster cannot be unexpected.
 {¶ 9} Furthermore, and perhaps more importantly, the sentencing range for third degree felonies has not changed. When he committed his crimes, Appellant was aware that he faced a definite sentence of either one, two, three, four, or five years in prison for each offense, and he was aware that the trial court would craft an appropriate sentence within that range. After being charged with five offenses, which carried a potential maximum prison sentence of 29 years, Appellant entered a negotiated plea. In exchange, Appellee dismissed three charges, thereby reducing Appellant's potential sentence to ten years. Despite the change in Ohio's sentencing law, Appellant has received the benefit of his bargain. Therefore, the Court will follow its precedent in holding thatFoster does not violate due process. McGhee, at ¶ 20, 25. See alsoState v. Jackson, 3rd Dist. No. 1-06-26, 2006-Ohio5146;State v. Reed, 3rd Dist. No. 4-06-20, 2006-Ohio-5148. Appellant's assignment of error is overruled.
 {¶ 10} The judgment of the Allen County Common Pleas Court is affirmed.
Judgment Affirmed.
 ROGERS and SHAW, J.J., concur.
[2] The first amended indictment was filed on July 14, 2005, and the second amended indictment was filed on August 11, 2005.