OPINION
{¶ 1} The defendant-appellant, Lawrence W. Thompson, appeals the judgment of the Allen County Common Pleas Court sentencing him to an aggregate prison term of 20 years.
 {¶ 2} On September 16, 2004, the Allen County Grand Jury indicted Thompson on five counts of trafficking in cocaine, violations of R.C.2925.03(A) and (C)(4)(d), third-degree felonies, and two counts of permitting drug abuse, violations of R.C. 2925.13(A) and (C)(3), fifth-degree felonies. The charges resulted after Thompson sold cocaine to confidential informants on five occasions.
 {¶ 3} Thompson initially pled not guilty to each offense and filed a motion to suppress. After the suppression motion was denied, Thompson withdrew his previously tendered pleas of not guilty and pled no contest to the indictment. At sentencing, the trial court imposed five four-year prison terms on the drug trafficking offenses and two nine-month prison terms on the permitting drug abuse offenses. The court ordered the four-year terms to be served consecutively and the nine-month terms to be served concurrently for an aggregate sentence of 20 years.
 {¶ 4} Thompson appealed the trial court's decision to this Court, challenging the judgment on the suppression motion and his sentence. We affirmed the judgment on the suppression motion, but vacated the sentence and remanded the case for a new sentencing hearing pursuant toState v. Foster, *Page 3 109 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E.2d 470. State v. Thompson, 3rd Dist. No. 1-05-34, 2006-Ohio-2004, appeal not allowed by 110 Ohio St.3d 1467, 2006-Ohio-4288, 852 N.E.2d 1215. At the new sentencing hearing, the trial court imposed an identical sentence. Thompson appeals his sentence, asserting two assignments of error for our review.
 First Assignment of Error The Trial Court imposed consecutive sentences pursuant to an ex post facto judicially-created sentencing law, in violation of his right to freedom from such enactments and in violation of Due Process.
 Second Assignment of Error The sentence in this case was cruel and unusual, in violation of the Ohio Constitution and in violation of the United States Constitution, as egregiously disproportionate to similar sentences imposed for similar offenders.
 {¶ 5} In the first assignment of error, Thompson relies on Bouie v.Columbia (1964), 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894, in arguing that Foster is unconstitutional, as it judicially creates an ex post facto law in violation of due process. In Bouie, the United States Supreme Court held that the test to decide whether a judicial act creates an ex post facto law is "whether the late action of the judiciary was unforeseeable at the time of the commission of the offense." Thompson argues that the Foster holding was unforeseeable in that it erased the presumption that he would be sentenced to the lowest prison term for *Page 4 
each count and the presumption that he was entitled to concurrent sentences. Thompson essentially desires the benefit of Foster's
substantive holding but wishes to avoid its remedy.
 {¶ 6} In response, the State argues that Foster does not violate due process because the elements of the offenses with which Thompson were charged have not changed, the potential punishment for the crime has not changed, and Thompson has suffered no detriment as a result of the new sentencing.
 {¶ 7} This Court has examined similar arguments in prior cases and has held that Foster violates neither federal due process protections nor Ohio's constitutional protection against substantive retroactive laws.State v. McGhee, 3rd Dist. No. 17-06-5, 2006-Ohio-5162, at ¶ 20, 25. For the reasons expressed in McGhee, Thompson's first assignment of error is not well-taken. In particular, we note that Thompson committed some of his offenses after the decision inApprendi v. New Jersey (2000), 530 U.S. 466, 490, 120 S.Ct. 2348,147 L.Ed.2d 435, and he committed other offenses after the decision inBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403.
 {¶ 8} Perhaps more importantly, the sentencing ranges for third-degree and fifth-degree felonies have remained unchanged. When Thompson committed his offenses, he was subject to a definite prison term of either one, two, three, four, or five years on the third-degree felonies and a definite prison term of either six, *Page 5 
seven, eight, nine, ten, eleven, or twelve months on the fifth-degree felonies. Thompson was also aware that the trial court would craft an appropriate sentence within those ranges. After being charged with seven felony offenses, which carried a potential maximum prison sentence of 27 years, Thompson pled no contest to the indictment. Thompson has received the benefit of his bargain because the trial court sentenced him to an aggregate prison term of 20 years. Therefore, the Court will follow its precedent in holding that Foster does not offend constitutional notions of due process. McGhee, at ¶ 20, 25. See also State v. Jackson, 3rd Dist. No. 1-06-26, 2006-Ohio-5146; State v. Reed, 3rd Dist. No. 4-06-20,2006-Ohio-5148. The first assignment of error is overruled.
 {¶ 9} In the second assignment of error, Thompson argues that the 20-year sentence imposed by the trial court violates theEighth Amendment of the United States Constitution and Article I, Section 9 of the Ohio Constitution because it amounts to cruel and unusual punishment. Prior to his new sentencing hearing, Thompson filed a copy of an e-mail sent to his attorney by Steve Van Dine, purportedly the Director of the Bureau of Research for the Ohio Department of Rehabilitation and Corrections. Attached to the e-mail was a list of statistics showing the mean, median, minimum, and maximum sentences imposed for third-degree felony offenses between 2003 and 2005 in Ohio. A separate sub-set of information was included for Allen County. Based on these "statistics," *Page 6 
Thompson contends that his sentence is cruel and unusual because it is "ten (10) times the State average" and is the "undisputed longest sentence for this conduct in recent Ohio history." Essentially, Thompson argues that his sentence is disproportionate to offenders of similar offenses across the state.
 {¶ 10} In response, the State argues that Thompson's sentence is constitutional. The State contends that sentencing within the strictures of a sentencing statute does not amount to cruel and unusual punishment, and that Thompson's sentence is not disproportionate so as to "`shock the sense of justice in the community.'"
 {¶ 11} Both the Eighth Amendment of the United States Constitution and Article I, Section 9 of the Ohio Constitution provide that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." While the protection against cruel and usual punishment "initially applied only in cases involving the death penalty or unusual forms of imprisonment[,]" it has been extended to also protect against punishments that are disproportionate to the offenses committed. State v. Weitbrecht, 86 Ohio St.3d 368, 371,1999-Ohio-113, 715 N.E.2d 167, citing Enmund v. Florida (1982),458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140; Weems v. United States (1910),217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793; McDougle v. Maxwell (1964),1 Ohio St.2d 68, 203 N.E.2d 334. In 1983, the United States Supreme Court set forth the *Page 7 
following three-part test to determine whether a sentence is proportionate to the offense for which the offender was convicted:
 "First, we look to the gravity of the offense and the harshness of the penalty. * * * Second, it may be helpful to compare the sentences imposed on other criminals in the same jurisdiction. If more serious crimes are subject to the same penalty, or to less serious penalties, that is some indication that the punishment at issue may be excessive. * * * Third, courts may find it useful to compare the sentences imposed for commission of the same crime in other jurisdictions."
Weitbrecht, at 371, quoting Solem v. Helm (1983), 463 U.S. 277,103 S.Ct. 3001, 77 L.Ed.2d 637.
 {¶ 12} In a subsequent case, the court clarified its position, noting that "`[t]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are "grossly disproportionate" to the crime.'" Id. at 371-372, quoting Harmelin v. Michigan (1991), 501 U.S. 957, 1001, 111 S.Ct. 2680,115 L.Ed.2d 836. In following Harmelin, the Ohio Supreme Court wrote:
 we agree with Justice Kennedy's concurrence in Harmelin * * *, in which he stated that a comparative analysis within the state where the crime was committed and between jurisdictions (the second and third prongs in Solem) is" appropriate only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality."
(Emphasis added.). Id. at 373, f.n. 4, quoting Harmelin, at 1005. *Page 8 
 {¶ 13} A plea of no contest "is an admission of the truth of the facts alleged in the indictment[.]" Crim.R. 11(B)(2). By pleading no contest, Thompson has admitted that he sold cocaine to confidential informants on five occasions and that he permitted drug abuse on two occasions. Thompson sold approximately three ounces of cocaine between only three different sales. In the other two sales, the weights were more than 5 grams, but less than 25 grams and more than 25 grams, but less than 100 grams. Each charge for drug trafficking was a third-degree felony, which carried a mandatory prison term and a potential maximum sentence of five years. R.C. 2929.13(F)(5); 2929.14(A).
 {¶ 14} Given the opportunity to speak in mitigation at the sentencing hearing, Thompson told the court:
 I made bad mistakes out there this time. I didn't really — I wasn't really out there really selling drugs. I was just in the wrong place at the wrong time. The person just asked me. I knowed (sic) him, you know. I thought I was doing him a favor. I wasn't really trying to — because I wasn't making no [sic] money. * * * This time I just was in the wrong place[.] * * * I was helping him. I was just trying to help the guy who came to me.
(Sentencing Tr., Sept. 5, 2006, at 10:11-17; 11:9-10). The trial court apparently gave little weight to Thompson's justification for selling more than three ounces of cocaine on only five occasions. The trial court referenced Thompson's prior criminal record, which includes a conviction under the RICO statute for trafficking in drugs. The trial court did not impose the maximum sentence for any charge, but *Page 9 
did impose five consecutive four-year prison terms, an aggregate sentence of 20 years, which is within the trial court's discretion. See generally Foster. A sentence imposed pursuant to a sentencing statute does not run afoul of the Eighth Amendment. McDougle, at 69, citingMartin v. United States (C.A.9, 1963), 317 F.2d 753; Pependrea v.United States (C.A. 9, 1960) 275 F.2d 325; United States v. Rosenberg, (C.A.2, 1952), 195 F.2d 583. The Ohio Supreme Court has excised those portions of R.C. 2929.14, which were unconstitutional, and Thompson has received the benefit of sentencing under Foster. On this record, we cannot find the sentence imposed to be grossly disproportionate to the offenses committed, nor can we find the trial court to have violated state or federal protections against cruel and unusual punishments. SeeWeitbrecht, at 373, citing Hamelin, at 995 ("severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, and do not violate the Eighth Amendment."). Thompson's second assignment of error is overruled.
 {¶ 15} The judgment of the Allen County Common Pleas Court is affirmed.
Judgment Affirmed.
 SHAW and PRESTON, J.J., concur. *Page 1