DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Robert M. Kolvek, appeals from his convictions in the Summit County Court of Common Pleas. We affirm.
 i. {¶ 2} On March 26, 2003, the Summit County Grand Jury indicted Mr. Kolvek on five separate counts: (1) illegal assembly or possession of chemicals for the manufacture of drugs, in violation of R.C. 2925.041, a third degree felony; (2) possessing criminal tools, in violation of R.C. 2923.24, a fifth degree felony; (3) possession of drugs, in violation of R.C. 2925.11, a third degree misdemeanor; (4) possession of marijuana, in violation of R.C. 2925.11, a minor misdemeanor; and (5) driving under suspension, in violation of R.C. 4507.02, a first degree misdemeanor. Thereafter, on April 21, 2003, Mr. Kolvek moved to suppress "any and all evidence obtained following" the alleged illegal stop and search of his person and moved to dismiss all charges against him. The trial court denied Mr. Kolvek's motion to suppress and his motion to dismiss. Mr. Kolvek then pled no contest to all charges. Subsequently, the trial court found him guilty and sentenced him accordingly. Mr. Kolvek timely appeals, raising one assignment of error for review.
 II. Assignment of Error
"The trial court erred to [mr. kolvek's] prejudice by failing to bring him to trial within the time prescribed by ohio's `speedy trial' statute."
 {¶ 3} In his sole assignment of error, Mr. Kolvek avers that he was denied his right to a speedy trial because his trial was held outside the time limit outlined by R.C. 2945.71, et seq. We disagree.
 {¶ 4} The courts must strictly enforce the statutory speedy trial provisions. State v. Pachay (1980), 64 Ohio St.2d 218, syllabus. When reviewing a defendant's claim that he was denied his right to a speedy trial, an appellate court applies the de novo standard to questions of law and the clearly erroneous standard to questions of fact. State v. Thomas (Aug. 4, 1999), 9th Dist. No. 98CA007058. The Supreme Court of Ohio has found that the statutory speedy trial provisions set forth in R.C.2945.71 are coextensive with federal constitutional speedy trial provisions. State v. O'Brien (1987), 34 Ohio St.3d 7, paragraph one of the syllabus.
 {¶ 5} According to R.C. 2945.71(C)(2), a person charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's arrest." When computing the time for purposes of applying R.C. 2945.71(C), "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). When computing the time within which a defendant must be brought to trial under R.C. 2945.71, the day of arrest or service of summons is not included. See State v. Steiner (1991), 71 Ohio App.3d 249,250-251. If a defendant is not brought to trial within the prescribed time, the trial court must discharge the defendant upon a motion for dismissal prior to or at the commencement of trial. R.C. 2945.73(B).
 {¶ 6} Although R.C. 2945.71(A) sets forth time limits in which a defendant must be brought to trial, these time limits are not absolute. Specifically, R.C. 2945.72 provides various circumstances in which the time limits may be tolled or extended. R.C. 2945.72 states in relevant part:
"The time within which an accused must be brought to trial * * * may be extended only by the following:
"(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him * * *;
"* * *
"(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
"* * *
"(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
"* * *
"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]"
 {¶ 7} Before we can determine whether Mr. Kolvek was denied his right to a speedy trial, we must first ascertain if the trial court disposed of Mr. Kolvek's motion to suppress within a reasonable time. This determination is necessary, as a motion to suppress tolls the speedy trial clock from the time the defendant files the motion until the trial court disposes of the motion, as long as the trial court's disposition occurs within a reasonable time. State v. Arrizola (1992), 79 Ohio App.3d 72, 76.
 {¶ 8} The determination of whether a trial court disposed of a motion within a reasonable time necessarily involves a thorough examination of the circumstances. State v. Deshich (Jan. 10, 2001), 9th Dist. No. 3054-M. Moreover, a reviewing court must consider the complexity of the facts, the difficulty of the legal issues presented in the case at issue, and the demands placed on the time and schedules of trial court judges. Id.; State v.Wilson (1982), 7 Ohio App.3d 219, 222.
 {¶ 9} In this case, Mr. Kolvek filed his motion to suppress on April 21, 2003, and the trial court disposed of his motion on September 11, 2003. Approximately four and one-half months elapsed between Mr. Kolvek's filing of this motion and the trial court's disposition. During this period of time, the trial court (1) granted Mr. Kolvek's five motions to continue, (2) granted the motion to withdraw of Mr. Kolvek's counsel, and (3) sua sponte "held in abeyance" ruling on Mr. Kolvek's motion to suppress until the completion of his other criminal trials. Based upon a thorough examination of the circumstances of this case, we cannot find that the trial court's delay in disposing of Mr. Kolvek's motion to suppress was unreasonable. See Deshich,
supra (concluding that a 16-month delay was reasonable in light of the fact that the trial court encountered various procedural motions and issues during the 16-month period).
 {¶ 10} We must now calculate the actual time that had elapsed between Mr. Kolvek's arrest and his plea. The record indicates that Mr. Kolvek was arrested on March 4, 2003, and, accordingly, the statutory speedy trial time began to run on March 5, 2003. See Steiner, 71 Ohio App.3d at 250-251. On April 15, 2003, Mr. Kolvek requested the trial court for a continuance until April 29, 2003. The trial court granted Mr. Kolvek's request; this tolled the time. See R.C. 2945.72(H). As such, 41 days elapsed between the date of Mr. Kolvek's arrest and his request for a continuance; however, as Mr. Kolvek was incarcerated on the instant charges during this period, the triple count provision of R.C. 2945.71(E) applies. Thus, we must multiply 41 by three, which equals 123 days.
 {¶ 11} Thereafter, on April 21, 2003, Mr. Kolvek filed a motion to suppress and a motion to dismiss. As we have concluded that the four and one-half month delay was reasonable, the speedy trial time was tolled until September 11, 2003, when the trial court denied Mr. Kolvek's motion to suppress and his motion to dismiss. See R.C. 2945.72(E). See, also, State v. Szorady, 9th Dist. No. 02CA008159, 2003-Ohio-2716, at ¶ 14, citing State v.Bickerstaff (1984), 10 Ohio St.3d 62, 67 (finding that a motion to dismiss tolls the time in which a defendant must be brought to trial). However, the time ran from September 11, 2003 until October 22, 2003, when Mr. Kolvek entered his plea of no contest. This period amounted to 41 days. Although Mr. Kolvek was incarcerated during this period, his incarceration was due to unrelated charges. Therefore, the triple count provision in inapplicable. See State v. Dubose, 7th Dist. No. 00-C.A.-60, 2002-Ohio-6613, at ¶ 9, quoting State v. Davis, 7th Dist. No. 01 CA 171, 2002-Ohio-2789, at ¶ 18; State v. Taylor (Oct. 5, 2001), 6th Dist. No. L-98-1375. Factoring this period into the speedy trial calculation, the total time, 123 plus 41 days, equals 164 days. Consequently, Mr. Kolvek's averment that his speedy trial rights were violated is meritless. Accordingly, Mr. Kolvek's sole assignment of error is overruled.
 II. {¶ 12} Mr. Kolvek's assignment of error is overruled. The convictions in the Summit County Court of Common Pleas are affirmed.
Judgment affirmed.
Whitmore, P.J. Baird, J. concur.