OPINION
{¶ 1} The defendant-appellant, John Reed, Jr. ("Reed"), appeals from the judgment of the Defiance County Common Pleas Court sentencing him to 28 months in prison after he violated the conditions of community control.
 {¶ 2} On September 6, 2002, the Defiance County Grand Jury indicted Reed on two counts of trafficking in cocaine, violations of R.C. §2925.03(A) and felonies of the fourth and fifth degree, respectively. On December 13, 2002, the trial court held a change of plea hearing, and Reed pled guilty to both counts of the indictment. On January 31, 2003, the trial court ordered Reed to serve four years on community control. However, the trial court reserved a sentence of 17 months in prison on count one and 11 months in prison on count two for an aggregate term of 28 months. The court filed its sentencing judgment entry on February 13, 2003.
 {¶ 3} On November 5, 2004, the State of Ohio ("State") filed a motion to revoke Reed's community control because he had violated several conditions of community control. Before his hearing on the revocation, Reed filed a motion for leave to file a delayed appeal. In his motion, Reed argued that he failed to appeal the 28 month sentence because the trial court had placed him on community control sanctions, making an appeal of the 28 month sentence unripe for adjudication. We declined to hear Reed's delayed appeal.
 {¶ 4} On the motion to revoke community control, Reed waived his rights to a probable cause hearing and an adjudicatory hearing, and on May 11, 2005, Reed appeared in court for disposition. The trial court revoked Reed's community control and re-imposed "the balance of the original reserved term of twenty-eight (28) months of imprisonment with the Ohio Department of Rehabilitation and Correction[.]" J. Entry, May 19, 2005, at 2. The trial court ordered Reed to serve his sentence consecutive to an 8 month sentence he was ordered to serve in State v.Reed, Defiance County case number 05 CR 09177,[1] and Reed was given jail time credit of 87 days. Reed appeals from the May 19, 2005 judgment entry and asserts the following assignments of error:
The Trial Court erred in imposing consecutive sentencing, in violationof Ohio sentencing law.
 The Trial Court erred by imposing consecutive sentencing withoutprovision of the right to a trial by jury on those facts necessary toimpose consecutive sentencing.
 The Trial Court erred by imposing a sentence not originally imposed asa sanction or violation of community control.
 {¶ 5} In his third assignment of error, Reed argues when a trial court sentences an offender to community control, it is required to tell the defendant, at the sentencing hearing, the specific prison term it may impose for a violation of community control. Reed contends that the trial court failed to inform him that the 28 month prison sentence could be imposed if he violated the conditions of his community control. The State contends that a trial court is required to substantially comply, rather than strictly comply, with sentencing statutes. The State argues the trial court did not err because "[t]he Sentencing Transcript is explicit in that the twenty-eight (28) month prison committment [sic] was reserved in the event of a violation of community control sanctions."
 {¶ 6} A trial court is required to impose community control sanctions if it determines that they should be imposed and it is not prohibited from imposing them. R.C. § 2929.19(B)(5).
The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific
prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.
Id. (emphasis added). If the trial court places a defendant on community control, and the defendant violates a condition thereof, the court has three choices in handling the violation; it
may impose a longer time under the same sanction . . ., may impose a more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19 of the Revised Code.[2] The court may reduce the longer period of time that the offender is required to spend under the longer sanction, the more restrictive sanction, or a prison term imposed pursuant to this division by the time the offender successfully spent under the sanction that was initially imposed.
R.C. § 2929.15(B).
 {¶ 7} The Ohio Supreme Court has examined these statutes and determined that a trial court sentencing a defendant to community control sanctions "must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." State v. Brooks,103 Ohio St. 3d 134, 2004-Ohio-4746, 814 N.E.2d 837, paragraph 2 of the syllabus. In Brooks, supra, the court was asked to determine the extent of notification given under R.C. § 2929.19(B)(5) as well as the timing of the notification. The court relied on its reasoning and holding in Statev. Comer, 99 Ohio St. 3d 463, 2003-Ohio-4165, 793 N.E.2d 473 in holding that notice of a possible prison term provided only in a judgment entry is insufficient and must be given at the sentencing hearing. Id. at ¶¶ 14-15, 18.
 {¶ 8} In regard to the form of notification, R.C. § 2929.19(B)(5) requires the trial court to give notice of the "specific prison term that may be imposed as a sanction for the violation[.]" In Brooks, supra, the Supreme Court's discussion concerning the "specific term" provision was focused on the trial court establishing a precise sentence the offender could anticipate receiving if he violated the conditions of community control. The court noted, "the judge shall, in straightforward and affirmative language, inform the offender at the sentencing hearing that the trial court will impose a definite term of imprisonment for a fixednumber of months or years[.]" Brooks, supra at ¶ 19 (emphasis added). The Supreme Court stated that a trial court may not notify the defendant that "he or she will receive `the maximum,' or a range, such as `six to twelve months,' or some other indefinite term, such as `up to 12 months.' Id.
 {¶ 9} In this case, Reed essentially argues that the trial court to required to state, "If you violate community control sanctions, you will be sentenced to `x' months or years in prison." We do not believeBrooks, supra stands for that proposition. Clearly, the Ohio Supreme Court was concerned about trial courts establishing a definite prisonterm, and not with the exact language used during sentencing. At the original sentencing hearing, the trial court stated in pertinent part:
[t]he Court, if a prison term is required, will impose basic prison terms of seventeen (17) months on the Felony of the Fourth Degree, eleven (11) months on the Felony of the Fifth Degree. . . . so, therefore, those would be imposed consecutively for a cumulative term of twenty-eight (28) months.
I understand the State made a bargained for recommendation. I will, therefore, reserve that basic prison term and admit him to a period of four (4) years community control, standard terms and conditions. The standard conditions, uh, Mr. Reed, require that you support your dependents to the best of your ability. . . . you're certainly at risk because if the Court determines that you're not supporting any of these illegitimate kids, you're going to end up in prison. Because, frankly, at this point the only reason you're not in prison is because somebody needs to support these various children.
Hearing Tr., Nov. 24, 2004, at 9-11. The trial court clearly notified Reed at the sentencing hearing and established a specific prison sentence of 28 months. The trial court specifically reserved the sentence, and we note that Reed was represented by counsel throughout these proceedings. We find that the trial court complied with R.C. §§ 2929.19(B)(5) and2929.15(B), as well as the Ohio Supreme Court's holding in Brooks,
supra. The third assignment of error is overruled.
 {¶ 10} In his first assignment of error, Reed argues that the trial court failed to make the necessary findings when it ordered him to serve his 11 month sentence on the second count of the indictment consecutive to the 17 month sentence on the first count of the indictment. The State argues that the doctrine of res judicata prevents us from determining the first assignment of error, or in the alternative, that the trial court made the appropriate findings and stated its reasons for imposing consecutive sentences.
 {¶ 11} We begin by noting that this assignment of error is not barred by the doctrine of res judicata. We declined to hear a delayed appeal from Reed because he had failed to appeal the original judgment entry sentencing him to community control, and when he did file his motion for a delayed appeal, he had not yet been sentenced to serve a prison term. Therefore, an appeal based on the original sentence of community control was time barred, and an appeal based on an aggregate 28 month prison sentence was unripe as Reed had not yet been sentenced for his community control violation. See State v. Lawrence, 3rd Dist. No. 13-01-01, 2001-Ohio-2211 (trial court must comply with R.C. §§ 2929.14 and 2929.19
when sentencing for a community control violation); State v. Gardner, 3rd Dist. No. 14-99-24, 1999-Ohio-938. Thus, we must examine the sentencing hearing held on May 11, 2005 to determine whether the trial court complied with R.C. § 2929.14(E) when it sentenced Reed to serve 28 months in prison for his community control violation.
 {¶ 12} The requirements of R.C. § 2929.14(E)(4) are threefold. First, the trial court must find that a consecutive sentence is necessary to protect the public from future harm or to punish the offender. Second, the trial court must find that a consecutive sentence is not disproportionate to the seriousness of the conduct and the danger posed to the public. Third, the trial court must find at least one of the three findings in R.C. § 2929.14(E)(4)(a)-(c), which provide:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
The trial court is required to make these findings and state its reasons therefore on the record at the sentencing hearing. State v.Comer, 99 Ohio St. 3d 463, 2003-Ohio-4165, 793 N.E.2d 473, at ¶¶ 20-21.
 {¶ 13} Our review of the record indicates that the trial court failed to make any of the findings required under R.C. § 2929.14(E)(4). The trial court stated in relevant part, "[a] basic prison term of twenty-eight (28) months that the Department of Rehabilitation and Corrections at Orient will be re-imposed." Reed has only challenged that part of the judgment ordering him to serve 11 months in prison consecutive to 17 months in prison. He has not challenged the trial court's sentence ordering him to serve 8 months consecutive to the aggregate 28 month sentence. Accordingly we sustain the first assignment of error.
 {¶ 14} In his second assignment of error, Reed argues that the trial court erred by imposing consecutive sentences. The basis of this argument is without specific findings made by the jury or admissions made by the defendant, imposing a sentence greater than the statutory minimum violates the holding in Blakely v. Washington (2004), 542 U.S. 296. We have previously addressed this issue in State v. Trubee, 3rd Dist. No. 9-03-65, 2005-Ohio-522. In Trubee, we held:
[u]nlike the Washington statute, the sentencing "range" created by R.C. 2929.14(B) is not "the maximum sentence a judge may impose solely onthe basis of facts reflected in the jury verdict or admitted by thedefendant." . . . Rather it limits a defendant's potential sentence within the statutory range created by R.C. 2929.14(A). Put simply, the facts reflected in a jury verdict convicting a defendant of a third degree felony allow a sentence of up to five years. R.C. 2929.14(B) merely limits judicial discretion in sentencing within that range.
Id. at ¶ 23 (citations omitted). Thus, Blakely, supra does not apply to the Ohio sentencing statutes. The second assignment of error is overruled.
 {¶ 15} The judgment of the Defiance County Common Pleas Court is affirmed in part and reversed in part. This matter is remanded to the trial court for further proceedings.
Judgment affirmed in part and Reversed in part and cause remanded.
Cupp, P.J., and Rogers, J., concur.
[1] This case apparently stemmed from an indictment charging Reed with the assault of a probation officer, which was also a violation of his community control conditions.
[2] We agree with the holding in State v. Virasaychack, (8th Dist. 2000), 138 Ohio App. 3d 570, 574, 741 N.E.2d 943 that the reference to subsection (B)(3) was a typographical error and should be read as a reference to R.C. § 2929.19(B)(5).