OPINION
{¶ 1} Defendant-appellant, Mark T. Schafer (hereinafter "Schafer"), appeals the judgment of the Defiance County Court of Common Pleas sentencing him to ten years in prison for violating certain conditions of his community control. For the reasons that follow, we affirm.
 {¶ 2} On September 14, 2004, Schafer pled guilty to two counts of gross sexual imposition, violations of R.C. 2907.05(A)(4) and third degree felonies carrying a maximum imprisonment term of five years for each count. Thereafter, on November 3, 2004, the trial court sentenced Schafer to five years of community control and reserved a five year prison term as to each count, which were to run consecutively in the event of a violation. In addition, the trial court classified Schafer as a sexual predator.
 {¶ 3} On April 26, 2006, the State filed a motion to revoke community control. On May 24, 2006, Schafer appeared with counsel, and the trial court found probable cause to believe that Schafer had violated the terms and conditions of his community control. On June 12, 2006, the matter came on for a final hearing and Schafer tendered admissions to the alleged violations. However, on July 26, 2006, at the sentencing hearing, the trial court granted Schafer's pro se oral motion for leave to withdraw his previously entered admissions. On *Page 3 
September 20, 2006, the trial court denied Schafer's request to withdraw his admissions, preceded with sentencing, and imposed the aggregate prison term of ten years.
 {¶ 4} Schafer appealed the judgment to this Court asserting errors as to the withdrawal of his admissions and the validity of his waiver of an attorney. The State conceded error. This Court, on June 25, 2007, reversed the case in light of procedural errors that had taken place during the community control revocation hearings.
 {¶ 5} On remand, Schafer had new counsel who requested another probable cause hearing. On September 4, 2007, the trial court found probable cause to believe that Schafer had violated the terms of his community control. On December 12, 2007, a competency hearing was held to determine whether Schafer was competent. The trial court found Schafer competent, and on February 6, 2008, the trial court found Schafer had violated the terms of his community control, revoked his community control, and imposed the balance of the reserved ten year prison sentence.[1] *Page 4 
 {¶ 6} Schafer now appeals the trial court's re-imposition of the ten year sentence. On July 3, 2008, this Court granted Schafer's pro se motion to file a supplemental pro se merit brief. Therefore, in addition to Schafer's assignment of error presented through his appellate counsel, Schafer, pro se, raises four assignments of error in his supplemental brief. We will address Schafer's appellate counsel's assignment of error first.[2]
 COUNSEL ASSIGNMENT OF ERROR NO. I The trial court violated Mr. Schafer's due process rights when it failed to properly notify him as to the consequences of violating community control.
 {¶ 7} Schafer argues that the trial court failed to follow the requirements of R.C. 2929.19(B)(5) and improperly imposed his community control sentence in 2004 by never notifying him that he would be subject to a prison term if he violated the terms of his community control. To support his argument, Schafer points to the Ohio Supreme Court's decision in State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746,814 N.E.2d 837, ¶ 8, which held, "when a trial court judge gives no notice whatsoever under R.C. 2929.19(B)(5) to an offender being sentenced to community control of any prison term that may be imposed if the conditions of community control are violated, a prison term may not be imposed *Page 5 
for violations of the conditions." Schafer argues that R.C. 2929.19(B)(5) and the holding in Brooks require strict compliance. Because the trial court failed to properly notify him of the consequences of violating the conditions of his community control, Schafer claims the trial court was not permitted to impose a prison term.
 {¶ 8} In response, the State argues that the trial court properly fulfilled the requirements prescribed by both the Ohio Supreme Court and the Ohio Revised Code. According to the State, the trial court properly reserved the ten year prison sentence, which consisted of the five year maximum terms for the two counts of gross sexual imposition. Then, in consideration of the negotiated plea agreement and Schafer's voluntary disclosure as to his involvement in these offenses, the trial court sentenced Schafer to community control for a period of five years. The State asserts that this language appears in both the sentencing judgment entry and the sentencing hearing transcript. In addition, the State claims that this Court has previously found the language the trial court used in reserving the prescribed sentences sufficient to comply with the holding in Brooks and R.C. 2929.19(B)(5). The State asserts that the same interpretation should apply here, and that this Court should find that the trial court complied with the Revised Code and Brooks.
 {¶ 9} R.C. 2929.19(B)(5) governs felony sentencing and prescribes the procedures a trial court must follow when imposing community control on an *Page 6 
offender and when revoking community control as a result of a violation of the conditions. When the trial court imposes community control, the statute provides that,
 the court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.
Id. (emphasis added). The Ohio Supreme Court has already considered the effect of these statutes on community control sentences in the case ofState v. Brooks. In Brooks, the Court stated that there are two main issues to consider when evaluating a trial court's compliance with R.C. 2929.19(B)(5): first, "when the notice is given," and second, "what language did the trial court use in the notification?" 2004-Ohio-4746, at ¶ 13. When discussing the language that a trial court should use in notifying a defendant, the Court focused on the term "specific." See id. at ¶¶ 19-23. The Court held that when a trial court imposes community control under R.C. 2929.15(B)(5), it "must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction." Id. at ¶ 29. (emphasis added). Warning a defendant that a trial court would impose a prison term up to "x," or *Page 7 
stating that the defendant will face between "x and y" for violating the conditions of his community control, "simply stray[ed] too far from the statutory text to constitute compliance." Id. at ¶¶ 26-27. Instead, the trial court must "in straightforward and affirmative language, inform the offender at the sentencing hearing that the trial court will impose a definite term of imprisonment of a fixed number of months or years." Id. at ¶ 19.
 {¶ 10} This Court has interpreted Brooks to stand for the proposition that the trial court must establish a "definite prison term," rather than mandating the trial court to go as far as to state "if you violate community control sanctions, you will be sentenced to `x' months or years in prison." State v. Reed, 3d Dist. No. 4-05-22, 2005-Ohio-5614,¶ 9. In Reed, this Court held that the trial court sufficiently notified and complied with Brooks and R.C. 2929.19(B)(5) by establishing a specific prison sentence of 28 months for the underlying charges, and then specifically reserving the sentence in lieu of placing the defendant on community control for a period of 4 years. Id.
 {¶ 10} In this case, the issue is whether the trial court's language gave sufficient notification to comply with the statute. We begin by noting that Schafer has failed to provide this Court with transcripts from the original sentencing hearing that took place on November 3, 2004. Pursuant to App. R. 9(B) and Loc. R. 5(A), the appellant is responsible for obtaining and timely delivering to the *Page 8 
Clerk of the trial court a complete transcript of the proceedings. Even though Schafer's argument stems from the lack of notification in the trial court's sentencing judgment entry, the State claims that such notification was also provided at the sentencing hearing. Without the sentencing transcript, we must presume regularity occurred during those proceedings. Lawless v. Kinsey (Sept. 8, 1997), 3d Dist. No. 6-97-11, at *2, citing Chaney v. East (1994), 97 Ohio App.3d 431, 435,646 N.E.2d 1138.
 {¶ 12} Even without the transcript from the sentencing hearing, this Court finds that the language provided in the sentencing judgment entry was sufficient to comply with R.C. 2929.19(B)(5) and Brooks. Schafer contends that the only language in the sentencing judgment entry that speaks to community control states:
 "[T]he Defendant is placed on Community Control for a period of five (5) years under the Standard Terms and Conditions of Intensive Supervision Unit."
(Nov. 3, 2004 JE at A-2). However, previous to its imposition of community control, the trial court stated:
 [T]he Court finds that the Defendant has engaged in an ongoing pattern of conduct in molesting young children, that the circumstances here constitute the worst form of these offenses and further the Court finds that the Defendant is a danger to the community and that in the event prison terms are necessary, a minimum term would demean the seriousness of these offenses and not adequately protect the public from future harm. Further, that maximum terms would be necessary and *Page 9 appropriate to adequately protect the community. Further, that consecutive terms would also be necessary and appropriate and not disproportionate to the harm caused.
 Therefore, for each offense of Gross Sexual Imposition, Felonies of the Third Degree * * * the Court reserves the maximum terms available as to each offense, five (5) years with the Ohio Department of Rehabilitation and Correction. However, in consideration of the negotiated plea agreement and the Defendant's voluntary disclosure as to his involvement in these offenses and previously undisclosed and uncharged criminal conduct, the Defendant is placed on Community Control for a period of five (5) years under the Standard Terms and Conditions of the Intensive Supervision Unit * * *.
(Id. at A-1 to A-2).
 {¶ 13} Schafer argues that the notice to the defendant must state, "if community control is violated, a specific term will be imposed." But as acknowledged by Schafer, this Court has previously rejected the notion of requiring such specific language in order to adequately comply with the statute and Brooks. Reed, 2005-Ohio-5614, at ¶ 9. In this case, the trial court established the maximum term for each count (five years) and simultaneously reserved the sentences in consideration of the negotiated plea agreement. The court then placed Schafer on community control for a period of five years. There was a specific prison sentence imposed and it was reserved in light of placing Schafer on community control. Thus, the trial court complied with both the statutory requirements and the requirements further prescribed by Brooks. Reed, 2005-Ohio-5614, at ¶ 9. *Page 10 
 {¶ 14} In addition to acknowledging the fact that this Court has rejected his argument in Reed, Schafer still asks this Court to revisit the issue and adopt Brooks' strict compliance test, implying that this Court has yet to adopt the strict compliance standard. InBrooks, the Ohio Supreme Court held that the strict compliance test, rather than substantial compliance test, was the requisite test to apply in R.C. 2929.19(B)(5) situations. 163 Ohio St.3d at 141. However, inReed, this Court did find the trial court's reservation language complied with the mandates prescribed in Brooks, which clearly included its mandatory strict compliance test. Reed, 2005-Ohio-5614, at ¶¶ 5-9. This Court does not believe that Brooks stands for the proposition that a trial court must explicitly tell a defendant "if you violate community control, you will be sentenced to `x' months or years in prison." As long as a definite prison term is used by the trial court in imposing community control on a defendant, the trial court will satisfy theBrooks' strict compliance test. Ordering mandatory language is not necessary under Brooks, and this Court, once again, is rejecting such a requirement. Reed, 2005-Ohio-5614, at ¶ 9.
 {¶ 15} Schafer's first assignment of error is, therefore, overruled.
 PRO SE ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT REMANDED THIS APPELLANT WITHOUT JURISDICTIONAFTER [SIC] THIS APPELLATE COURT'S REVERSAL, IN VIOLATION OF THE DOUBLE JEOPARDY *Page 11 CLAUSE IN THE OHIO CONSTITUTION ARTICLE 1, § 9 AND THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION, AND THE DUE PROCESS CLAUSE OF THE OHIO CONSTITUTION ARTICLE 1, § 10, U.S. CONSTITUTION AMENDMENT VI.
 PRO SE ASSIGNMENT OF ERROR NO. II THE TRIAL COURT ERRED BY KEEPING THE APPELLANT INCARCERATED FOR OVER SEVEN MONTHS UNDER FRAUDULENT PRETEXT IN AN UNDUE LENGTHLY [SIC] DELAY OF ADJUDICATION OF THE CASE WHICH DEPRIVED THE APPELLANT OF DUE PROCESS AND VIOLATED HIS RIGHT TO PROTECTION FROM CRUEL AND UNUSUAL PUNISHMENT UNDER THE 8TH AMENDMENT OF THE US CONSTITUTION.
 PRO SE ASSIGNMENT OF ERROR NO. III THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ASSESSED COSTS OF THE WRONGFUL REMAND AND SUBSEQUENT REHEARING OF THE ALLEGED VIOLATION OF APRIL 26, 2006, AGAINST THE APPELLANT FOR THE WRONGFUL REMAND AND REHEARING IN VIOLATION OF THE DUE PROCESS ARTICLE 1 § 10 AND 14TH AMENDMENT.
 {¶ 16} Because Schafer's second and third assignments of error arise from the violation he alleges in his first assignment of error, we will address them together. In his first assignment of error, Schafer argues that the trial court did not have jurisdiction to resentence him because this Court only mandated a reversal and did not state a remand for further proceedings. Since the trial court did not have authority to resentence him when it revoked his community control and re-imposed *Page 12 
the original sentence, Schafer argues that the trial court violated his protection against double jeopardy. Furthermore, in light of the trial court's lack of jurisdiction, Schafer claims the trial court violated Schafer's right to be free from cruel and unusual punishment when it kept him incarcerated, and additionally, that the trial court's proceedings amounted to "an undue lengthy delay." Finally, Schafer asserts that the trial court abused its discretion when it assessed costs against him that were a result from the wrongful revocation proceedings.
 {¶ 17} The State responds by arguing that there was no violation of the double jeopardy clause because he was only tried once for the alleged community control violations. The State also claims that because there was no double jeopardy violation, Schafer was legally incarcerated during the remanded proceedings, which were acted on in a reasonable amount of time. Similarly, the trial court did not err in imposing the costs of prosecution because it was required to do so under R.C. 2947.23
after finding Schafer had violated his community control.
 {¶ 18} Under App. R. 27, this Court may "remand its final decrees, judgments, or orders, in cases brought before it on appeal, to the court or agency below for specific or general execution thereof, or to the court below for further proceedings therein." The effect of reversing a case is to reinstate the case back in *Page 13 
precisely the same condition it was in before the alleged violation was said to have occurred. In re G.N., 12th Dist. No. CA2007-12-119,2008-Ohio-1796, ¶ 11, citing Wilson v. Kreusch (1996),111 Ohio App.3d 47, 51, 675 N.E.2d 571. Here, we reversed the case in light of procedural errors that had occurred during the revocation proceedings, and instead of stating a specific mandate for execution to the trial court, we chose a general remand to the trial court, which was to include the execution of costs against the State in light of the reversal. As a result of our reversal, the case was automatically reinstated back to the condition it was in before the alleged procedural errors occurred. In re G.N., 2008-Ohio-1796, at ¶ 11. As per the request of Schafer's new counsel, the trial court allowed the revocation proceedings to begin anew, starting with the determination of probable cause, then a final hearing on the merits, and finally a determination of sentencing. Ultimately, the trial court rendered a new judgment entry finding, after contested hearings and evidence presented by both sides, that Schafer had violated his community control, and it re-imposed the reserved ten year sentence. Thus, the trial court acted consistently with our mandate by re-doing the revocation proceedings and re-imposing the original reserved sentence.
 {¶ 19} Because the trial court had jurisdiction to retry Schafer on his alleged community control violations, there was no violation of the double jeopardy clause of either the U.S. or Ohio Constitutions. Double jeopardy only *Page 14 
protects persons from "(1) `a second prosecution for the same offense after acquittal,' (2) `a second prosecution for the same offense after conviction,' and (3) `multiple punishments for the same offense.'"State v. Roberts, 119 Ohio St.3d 294, 2008-Ohio-3835, 893 N.E.2d 818, ¶ 11, quoting North Carolina v. Pearce (1969), 395 U.S. 711, 717,89 S.Ct. 2072, 23 L.Ed.2d 656. Schafer was not prosecuted for the same offense twice (violating his community control) nor were there multiple punishments given for the same offense. Because this Court's reversal of the prior sentencing essentially wiped the slate clean, in order to revoke Schafer's community control, the State had to (and did so) start the process all over again.
 {¶ 20} Since there was no double jeopardy violation and the trial court was proper in recommencing the revocation proceedings, it was likewise reasonable for Schafer to remain incarcerated during his new revocation proceedings. In fact, the trial court conducted a new bond hearing upon remand of the case, and after hearing both sides, it placed a $50,000 appearance bond on Schafer. (Aug. 16, 2007 Tr. at 3-9).
 {¶ 21} There was also no "undue lengthy delay" in conducting the revocation proceedings. The parties came before the trial court on August 16, 2007, in response to this Court's reversal. (Aug. 16, 2007 Tr. at 2). With the case essentially back to the status of a pending motion to revoke community control, *Page 15 
newly acquired counsel for Schafer requested that the matter be continued for a probable cause hearing. (Id.). The trial court granted his request and proceeded to set bond at $500,000 cash with a ten percent privilege. (Id. at 8). On September 4, 2007, a probable cause hearing was conducted, where the trial court found that there existed probable cause to believe Schafer had violated his community control. (Sept. 4, 2007 Tr. at 24). A final hearing on the merits was not held until January 23, 2008 (and not finalized until February 12, 2008), but in the interim, several actions occurred that made it reasonable to postpone the final hearing and sentencing. First, the State filed a new indictment against Schafer, which also resulted in a new supplemental motion to revoke Schafer's community control. (Doc. No. 72) (Dec. 12, 2007 Tr. at 8). In accordance with the agreement of both parties, the hearings for the new violations were placed on the same days as the remanded proceedings. (Sept. 19, 2007 Tr. at 6-7) (Dec. 3, 2007 Tr. at 7-9). Second, Schafer made several motions, including a 12-page document requesting response from the court, and a motion for equal protection, thereby facilitating the delay of the final hearing. (Doc. Nos. 77-78). See R.C. 2945.72(E) (allowing an extension of time with regards to a defendant's right to a speedy trial when there is any period of delay necessitated by motions made by the accused.) See also, State v.Kolvek, 9th Dist. No. 21808, 2004-Ohio-2515 (finding no violation of the defendant's right to a speedy trial; delay beyond the statutory requirement was *Page 16 
attributable to the defendant's several motions, which tolled the limitations period.) In addition, the trial court ordered Schafer to the court diagnostic and treatment center to evaluate Schafer's competency. (Dec. 3, 2007 Tr. at 4). Finally, once the final hearing took place on January 23, 2008, defense counsel requested a continuance in order to subpoena another witness for Schafer's defense. (Jan. 23, 2008 Tr. at 106-07). In the end, on February 6, 2008, the trial court sentenced Schafer to the reserved ten years, but gave him credit for all of the time he had served while awaiting the outcome of his case. (Feb. 6, 2008 JE at A-5 to A-6). The new motion to revoke Schafer's community control did not cause any delay because the matter was considered at the same time as the original violations. Moreover, because Schafer facilitated the delay of his revocation proceedings by filing extraneous motions Schafer waived any right he had to a speedy resolution. See R.C. 2945.72(E); Kolvek, 2004-Ohio-2515. Therefore, there was no undue lengthy delay.
 {¶ 22} Finally, Schafer argues that because there was a "wrongful remand and rehearing," the trial court abused its discretion when it assessed the costs of the prosecution of his revocation against him. However, this Court finds that the remand and the rehearing of his revocation were proper. With that stated, R.C. 2946.23(A)(1), which governs the imposition of costs, states "[i]n all criminal cases, including violations of ordinances, the judge or magistrate shall include in *Page 17 
the sentence the costs of prosecution and render a judgment against the defendant for such costs." Therefore, once the trial court found that Schafer had violated the conditions of his community control, it was required to include the costs of prosecution and render a judgment against Schafer. State v. Perz, 173 Ohio App.3d 99, 2007-Ohio-3962,877 N.E.2d 702, ¶ 36. Thus, there was no abuse of discretion.
 {¶ 23} Schafer's first, second, and third assignments of error are, therefore, overruled.
 PRO SE ASSIGNMENT OF ERROR NO. IV THIS APPELLANT WAS DEPRIVED OF HIS 6TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT EVERY STAGE OF THE CASE SUBSEQUENT TO THE REVERSAL OF JUNE 25, 2007.
 {¶ 24} In Schafer's fourth assignment of error he claims that his post-conviction counsel was ineffective because he failed to object to the rehearing and "fictitious" remand. In addition, Schafer claims that his post-conviction counsel was ineffective because he violated the attorney-client privilege.
 {¶ 25} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. State v. Kole (2001), 92 Ohio St.3d 303, 306,750 N.E.2d 148, citing Strickland v. Washington (1984), 466 U.S. 668,687, 104 S.Ct. 2052, 80 L.Ed.2d 674. *Page 18 
 {¶ 26} We do not find that Schafer's post-conviction counsel was ineffective. We have already held that the recommencing of the community control revocation proceedings was proper, thus there was no reason for Schafer's counsel to raise any objections. As to the attorney-client privilege, according to the transcripts, Schafer's attorney was supposed to be called as a witness because the address that Schafer listed as his work address was his attorney's address. (Sept. 4, 2007 Tr. at 24-25). According to the State, his testimony would have been offered to show that Schafer had violated a registration requirement imposed by his community control. (See id.).
 {¶ 27} The record does indicate that Schafer's attorney was subpoenaed by the State, but at no time did his attorney ever testify against Schafer. (Doc. Nos. 71, 85). It is well-settled in Ohio that the burden of showing that the testimony sought to be excluded is within the attorney-client privilege falls on the party seeking to exclude it.Lemley v. Kaiser (1983), 6 Ohio St.3d 258, 263-64, 452 N.E.2d 1304. Schafer never met this burden because his attorney never testified. Regardless, the attorney-client privilege is not absolute and the mere existence of an attorney-client relationship does not raise the presumption that all communications made are confidential. Moskovitz v.Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, 660-61, 635 N.E.2d 331. Only confidential communications are protected under the attorney-client privilege. See id. Moreover, "it must be *Page 19 
shown that the communications claimed as privileged are connected with and related to the matter for which the attorney had been retained."Lemley, 6 Ohio St.3d at 264. Here, Schafer's attorney was only being called to verify his address. (Sept. 4, 2007 Tr. at 24-25). Moreover, because Schafer had worked for a computer company that had allegedly done work to the attorney's office, the State also wanted the attorney to testify as to whether any computer work may have been done during the months when Schafer had been working at the computer company. (Id.). The information regarding the attorney's address does not constitute confidential communication since the attorney's address was public information. State ex rel. Benesch, Friedlander, Coplan Arnoff, L.L.P.v. Rossford (2000), 140 Ohio App.3d 149, 154, 746 N.E.2d 1139. In addition, the existence of any computer work to his office was alleged to have taken place before Schafer became a client and it was unrelated to the matter in which the attorney had been retained. SeeLemley, 6 Ohio St.3d at 264. Therefore, even if Schafer's attorney had been called to testify, he would not have violated the attorney-client privilege by testifying to those facts.
 {¶ 28} Schafer's fourth assignment of error is, therefore, overruled. *Page 20 
 {¶ 29} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 WILLAMOWSKI and ROGERS, JJ., concur.
[1] On February 4, 2008 the state filed a supplemental motion to revoke Schafer's community control based on new violations. The trial court dismissed this motion as moot in light of its revocation of Schafer's community control based on the previous violations.
[2] At oral arguments, this Court allowed both parties to submit supplemental briefs on the issue of whether this Court has jurisdiction to rule on the appeal. After review of the supplemental briefs, we decline to address the jurisdictional issue. *Page 1