[Cite as *State v. Miles*, 2013-Ohio-4272.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| STATE OF OHIO | C.A. No. 12CA0102-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RICHARD MILES, II | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 12 CR 0001 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2013

HENSAL, Judge.

{¶1} Richard Miles II appeals his conviction for possession of cocaine in the Medina County common pleas court. For the following reasons, this Court affirms.

I.

{¶2} According to Medina County Sheriff's Deputy Paul Schismenos, he was on duty on the evening of December 19, 2011, when he saw Mr. Miles fail to come to a complete stop at a stop sign. Deputy Schismenos began following Mr. Miles and saw him fail to use a turn signal when merging into highway traffic and fail to stay in his lane of travel. He, therefore, initiated a traffic stop. When he approached the car and Mr. Miles lowered the window, Deputy Schismenos immediately noticed the odor of raw marijuana. After Bosco, a canine officer's dog, also alerted on the car, officers conducted a search of it and found marijuana and cocaine.

{¶3} The Grand Jury indicted Mr. Miles for possession of cocaine. He moved to suppress the evidence obtained during the traffic stop, arguing that Deputy Schismenos

improperly extended the length of the stop until the canine officer could arrive. The trial court denied his motion, and a jury found him guilty of the offense. The court sentenced him to 11 years imprisonment. Mr. Miles has appealed, assigning as error that the trial court violated his right to a speedy trial.

II.

ASSIGNMENT OF ERROR

THE COURT ERRED IN DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILING TO BRING HIM TO TRIAL WITHIN 90 DAYS AS PROVIDED IN OHIO REVISED CODE SECTION 2945.71.

{¶4} Mr. Miles argues that the trial court should have dismissed his case because he was not tried within the time allowed under Revised Code Section 2945.71. Under Section 2945.71(C), "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest." "[E]ach day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E).

{¶5} "When reviewing an assignment of error raising a violation of a criminal defendant's right to a speedy trial, this court reviews questions of law de novo." *State v. Bennett*, 9th Dist. Summit No. 21121, 2003-Ohio-238, ¶ 5. We must accept the factual findings of the trial court, however, "if they are supported by some competent, credible evidence." *Id*.

{¶6} Mr. Miles's speedy trial time began on December 19, 2011, when he was arrested and held without bail. On January 13, 2012, he requested discovery, which the State provided on January 27. On February 21, he filed his motion to suppress evidence. The trial court held a hearing on the motion on March 30 and issued its decision on June 11. Mr. Miles subsequently requested a continuance of the trial date because of newly discovered evidence. The trial was

rescheduled for July 9, but on that day, Mr. Miles moved for a continuance to obtain new counsel. The trial court granted his motion. On July 24, the parties mutually agreed to schedule the trial for September 24.

{¶7} Under Revised Code Section 2945.72(E), "[t]he time within which an accused must be brought to trial * * * may be extended * * * by * * * [a]ny period of delay necessitated by reason of a * * * motion * * * or action made or instituted by the accused[.]" Mr. Miles concedes that all of the delays in going to trial were attributable to him except for the trial court's delay in ruling on his motion to suppress. He notes that, at the conclusion of the hearing on his motion, the trial court said that it would try to issue a decision "by the end of next week." At the time, his trial was scheduled for April 23. Mr. Miles contends that, because the trial court did not provide any explanation for why it did not rule on his motion until June 11, the 49 days that passed from April 23 to June 11 should be attributed to the State. Combined with the 25 days between when he was arrested and moved for discovery and the 26 days between when he received discovery and filed his motion to suppress, he argues that it took over 90 days to bring him to trial, in violation of Section 2945.71.

{¶8} "A strict adherence to the spirit of the speedy trial statutes requires a trial judge, in the sound exercise of his judicial discretion, to rule on [defense] motions in as expeditious a manner as possible." *State v. Martin*, 56 Ohio St.2d 289, 297 (1978). This Court has held that "a motion to suppress tolls the speedy trial clock from the time the defendant files the motion until the trial court disposes of the motion, as long as the trial court's disposition occurs within a reasonable time." *State v. Kolvek*, 9th Dist. Summit No. 21808, 2004-Ohio-2515, ¶ 7. "The determination of whether a trial court disposed of a motion within a reasonable time necessarily involves a thorough examination of the circumstances." *Id*. at ¶ 8. "Moreover, a reviewing court

must consider the complexity of the facts, the difficulty of the legal issues presented in the case at issue, and the demands placed on the time and schedules of trial court judges." *Id*.

{¶9} A review of the record does not provide this Court with sufficient information to undergo an analysis of the facts and circumstances that affected the timing of the trial court's ruling. At the hearing on the motion, the court noted that it still had to view a video of the traffic stop, but indicated that it was "going to try to watch this over the weekend or next week." It also noted that it had "one [other case] ahead of you that I haven't gotten to yet." Mr. Miles asserts that those factors do not justify the length of the court's delay. He argues that his motion to suppress did not present any novel or complicated issues, but merely concerned whether the deputies had probable cause to search his vehicle. He, therefore, argues that it was unreasonable for the court to take 73 days, from March 30 to June 11, to rule on his motion.

{¶10} The Ohio Rules of Superintendence provide that "[a]ll motions shall be ruled upon within one hundred twenty days from the date the motion was filed * * *." Sup.R. 40(A)(3). The Fifth District Court of Appeals has concluded that the 120-day rule provides the standard for what is a reasonable amount of time within which to rule on a motion to suppress. *State v. Fields*, 5th Dist. Guernsey No. 05-CA-17, 2006-Ohio-223, ¶ 28. In *State v. Beam*, 77 Ohio App.3d 200 (11th Dist.1991), the Eleventh District Court of Appeals opined that "[i]t seems probable that the Supreme Court, in setting the rule, perceived one hundred twenty days to be the outside time limit of reasonableness in ruling on a motion." *Id*. at 209. Upon review of the facts of that case, it concluded that "the trial court did not exceed its permitted time by ruling on the motion [to suppress] one hundred nine days after it was heard." *Id*. In *State v. King*, 3d Dist. Wyandot No. 16-11-07, 2012-Ohio-1281, the Third District Court of Appeals determined that, even though the trial court did not provide an explanation for its delay in ruling on the

defendant's motion to suppress, 72 days was "not an unreasonable amount of time for the trial court to consider the facts and legal issues presented * * *." *Id.* at ¶ 37; *see also City of Logan v. Quillen*, 4th Dist. Hocking No. 94CA26, 1995 WL 637059, *3 (Oct. 27, 1995) (concluding that 72-day delay in ruling on motion to dismiss was not unreasonable and collecting similar cases).

**{¶11}** Upon review of the record, we conclude that the court disposed of Mr. Miles's motion to suppress within a reasonable time after holding a hearing on the motion. Accordingly, the entire time period from the date Mr. Miles filed his motion, February 21, to the date the court issued its decision, June 11, does not count toward the 90-day time limit under Section 2945.71(C), (E). Mr. Miles's assignment of error is overruled.

III.

**{¶12}** The trial court correctly denied Mr. Miles's motion to dismiss because the State did not violate his right to a speedy trial. The judgment of the Medina County common pleas court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

MICHAEL WESTERHAUS, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and LAUREN M. HASE, Assistant Prosecuting Attorney, for Appellee.